UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEMETRESS MAGAZINE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  04-11498-PBS |
| | ) | |
| BOSTON WATER AND SEWER | ) | |
| COMMISSION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Boston Water and Sewer Commission ("BWSC") submits this memorandum

of law in support of its motion to dismiss the complaint for failure to state a claim, pursuant to

Fed. R. Civ. P. 12(b)(6).

**Allegations of Complaint**

Plaintiff's handwritten complaint, filed *pro se* on June 30, 2004, is premised on the

termination of her employment with BWSC on April 28, 2001 [Complaint, ¶1] [copy attached

hereto]. Plaintiff alleges that she has "taken the necessary steps with" the Massachusetts

Commission Against Discrimination and the Equal Employment Opportunity Commission with

respect to her termination [*Id.,* ¶2]. Attached to the complaint is a notice from the MCAD stating

"[b]ased upon the Commission's investigation, the Commission is unable to conclude that the

information obtained establishes a violation of the statutes", and advises plaintiff of her rights of

appeal [*Id.,* second attachment]. Also attached is a notice from the EEOC dated March 31, 2004,

stating that the EEOC "has adopted the findings of" the MCAD [*Id.,* first attachment]. The

EEOC notice contains handwriting in the upper right hand corner which is identical to that in the Complaint, stating "received 4/1/04" [*Id.*].

The complaint alleges that "[w]hen I started working with [BWSC] in November, 2000, I informed them of my pre-existing injury [sic] fused at my neck & herniated disc low back area (spine). [B]y me [sic] be late sometimes or even taken time off due to the severe pain" [Complaint, ¶3]. It further alleges that "I was terminated. From 11/00 – 4/01 I was absent 5 times & late 7 or eight times" [*Id.*]. The complaint next alleges that BWSC "state [sic] that my termination was due to me being late or absent and they also stated that I didn't know the job" [*Id.*, ¶5]. Finally, it alleges that "[r]egarding me not [sic] my job, I think they forgot that I worked for them in 1992 in the same dep't, same position, same supervisors. If I didn't know the job, I don't think I would have been re-hired" [*Id.*].

In a paragraph entitled "relief", the complaint seeks compensation for "pain & suffering" and states "I can not ask for my job back because since 11/01 *I have be [sic] total [sic] disabled due to my injuries*" [Complaint, ¶6] [emphasis added].

## ARGUMENT

### I. PLAINTIFF'S APPARENT CLAIMS UNDER THE ADA AND G.L. c. 151B ALLEGING HANDICAP DISCRIMINATION ARE FATALLY UNDERMINED BY THE ADMISSION IN HER COMPLAINT THAT SHE IS TOTALLY DISABLED AND CANNOT PERFORM HER JOB

The standard by which a Rule 12(b)(6) motion is measured is, of course, well established. "If the allegations ... sufficiently state a cause of action under any viable theory, a motion to dismiss ... must be denied." *Baxter v. Conte,* 190 F.Supp.2d 123, 126 (D. Mass. 2001) [citation omitted]. "[T]he court must take facts alleged in the complaint as true, and 'draw all inferences reasonable extractable from the pleaded facts in the manner most congenial to the plaintiff's theory.'" *Id.* [citation omitted]. Moreover, with respect to a *pro se* complaint, "federal courts

traditionally have been mindful of the rights of *pro se* litigants, and have examined a *pro se* complaint under less stringent standards." *Id.* [citation omitted]. This, however, is not a license to indulge in speculation or in crafting a claim which the plaintiff has not made. "[A] plaintiff, even one proceeding *pro se*, may not rely on 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation.'" *Id.* [citation omitted]. Likewise, "the 'duty to be less stringent with pro se complaints does not require [the court] to conjure up implied allegations.'" *Id.* [citation omitted]. *See also Mendonca v. I.N.S.,* 52 F.Supp.2d 155, 163 n.10 ("although *pro se* pleadings are construed liberally, 'some degree of specificity as to [the] plaintiff's allegations' is required in order to state a claim" [citation omitted]). Plaintiff's complaint utterly fails to state a claim even under these lenient rules and must be dismissed.

Although the complaint fails to characterize plaintiff's claim or to state under what statute or other source of authority she files suit, the only plausible conclusion from her allegations is that she intends to state a claim for handicap discrimination. Her complaint asserts that she was absent from work or appeared late a total of 12-13 times between November, 2000 and April, 2001 "due to the severe pain" from her "pre-existing injury" and that she was terminated on April 28, 2001 "due to me being late or absent" [Complaint, ¶¶ 3 and 4]. She mentions no other protected or unlawful category or criterion as the basis for BWSC's termination of her employment. Accordingly, given the indulgence with which her complaint must be read, BWSC assumes for purposes of its motion that she has attempted to bring handicap discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C., §§ 12101, et seq., and under G.L. c. 151B, §§ 1, et seq. Both claims fail because plaintiff clearly asserts in her complaint that she has been "total [sic] disabled" since November, 2001 "due to [her] injuries" and therefore "can not ask for [her] job back" [Complaint, ¶ 6].

The ADA prohibits discrimination by an employer against a "qualified individual with a disability" because of that person's disability. *See* 42 U.S.C., § 12112(a). The term "qualified individual with a disability" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *See* 42 U.S.C., § 12111(8). Chapter 151B contains a virtually identical prohibition. Section 4(16) makes it unlawful for an employer to discriminate against "any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, ...". Similarly, § 1(16) defines a "qualified handicapped person" as one "who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap."

Plaintiff has alleged in the plainest possible language that she is "total [sic] disabled" and therefore "can not ask for my job back" [Complaint, ¶ 6]. A plaintiff who is "totally disabled" is not a "qualified" handicapped person under either the ADA or chapter 151B. *See, e.g., Cleveland v. Policy Management Systems Corp.,* 526 US 795, 806 (1999); *Sullivan v. The Neiman Marcus Group, Inc.,* 358 F.3d 110, 115 (1st Cir. 2004); *Barry v. Wing Memorial Hospital,* 142 F.Supp.2d 161, 168 (D. Mass. 2001); *Beal v. Board of Selectmen of Hingham,* 419 Mass. 535, 543, 646 N.E.2d 131, 137-38 (1995); *Sullivan v. Raytheon Co.* 262 F.3d 41, 47 (1st Cir. 2001) *cert. denied* 534 U.S. 1118 (2002).

Moreover, this court need not undertake the inquiry mandated by *Cleveland.* In that case, the Supreme Court held that a plaintiff's statement in an application for disability benefits under the Social Security law that she was "'unable to work'" is not necessarily dispositive of her independent claim under the ADA, because of differences in the respective governing statutes

4

and schemes. *Cleveland,* 526 US at 802-806. Even in that instance, however, the assertion of total disability in a benefits application "will appear to negate an essential element of her ADA case" and the Court has therefore imposed on a plaintiff the burden of "proffer[ring] a sufficient explanation" to avoid dismissal of her discrimination claim. *Id.* at 806. *See also Sullivan,* 262 F.3d at 47; *Barry,* 142 F.Supp.2d at 168.

Here, BWSC does not rely on a statement made by plaintiff in a separate proceeding during which she sought disability benefits. It relies, instead, on an admission made in her discrimination complaint in this court, in which a *sine qua non* of her claims is that she meets the statutory criteria. Accordingly, the statement was not made in an unrelated, different context where explanation might justify relieving plaintiff from the consequences. Her complaint specifically pleads in simple, unambiguous language and as part of her discrimination claims that she is totally disabled and cannot perform her job. It therefore fails to state a claim under either the ADA or chapter 151B and dismissal is mandated.

## II. PLAINTIFF'S PUTATIVE CLAIM UNDER G.L. c. 151B CLEARLY IS BARRED BY THAT STATUTE'S THREE-YEAR LIMITATIONS PERIOD

Plaintiff's putative chapter 151B claim suffers from another fatal flaw. Section 9 requires that a civil action must be filed "not later than three years after the alleged unlawful practice occurred". The unlawful practice alleged here is plaintiff's termination" by BWSC [Complaint, ¶¶ 1, 3]. Plaintiff explicitly alleges that the termination occurred on "4/28/01". [Complaint, ¶ 1]. Her complaint was filed on June 30, 2004 [Complaint, clerk's stamp, first page]. Accordingly, she missed the limitations period set forth in § 9 by more than two months. Moreover, no grounds for equitable tolling are even remotely apparent. The unlawful act alleged was termination and plaintiff knew both the adverse action and the stated reasons for termination which form the basis for her claim [Complaint, ¶ 3]. Accordingly, she was "aware at the outset of

the facts that would point to her [discrimination] claims." *Wynn & Wynn, P.C. v. MCAD*, 431

Mass. 655, 673, 729 N.E.2d 1068, 1082-83 (2000) *overruled on other grounds Stonehill College*

*v. MCAD*, 441 Mass. 549, 571, 76 (2004). *See also Ching v. Mitre Corp.*, 921 F.2d 11, 14 & n.9

(1st Cir. 1990); *Protective Life Ins. Co. v. Sullivan*, 425 Mass. 615, 631, 682 N.E.2d 624, 633

(1997).

## CONCLUSION

For the reasons set forth herein, the complaint should be dismissed.

BOSTON WATER AND SEWER COMMISSION,
By its attorneys,

John Foskett, BBO No. 175540
DEUTSCH WILLIAMS BROOKS
 DERENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300

Robert M. LaMarca
BOSTON WATER AND SEWER COMMISSION
980 Harrison Avenue
Boston, MA  02119

Date:  October 21, 2004

DWLIB 169151v1
1044/00

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above
document was served upon the attorney of record for each
party by first-class mail/hand on this date.

6

Complaint

1)

1 JENETRESS MAGAZINE OF 52 LOWER ST Roxbury MA

FILED
IN CLERKS OFFICE
2004 JUN 30 P 4 27
U.S. DISTRICT COURT
DISTRICT OF MASS

02119. Was TERMINATED from Boston WATER SEWER

Commssn on 4/28/01 Location was 918 Harrison

Avenue, Boston MA 02119.  . . . .

04-11498 PBS
Referred to mJ Rowling

2) I HAVE TAKEN the Necessary Steps with

MASS Commission Against Discrimination, And Equal

Employment Opportunity Commission. REGARding my

Termination, with Boston water SEWER Commssion.

And HAVE Advised To pursue This matter in

Federal Court.

3) When I started Working with Boston WATER & SEWER

IN November 2000. I Informed them of my pre—

xisiting Injury. Fused at my NECK & HERNIated DISC

Low Back AREA (SPINE). by ME BE late Sometimes

Or EVEN TAKEN Time Off). Due to the SEVERE

Pain. I was Terminated. From 11/00 — 4/01

I was ABSENT 5 Times & late 7 OR Eight Times

5) Boston Water & Sewer, State that my Termination was too due to me being late or absent, And They also Stated that I didn't know the Jobs. I am "upset" regarding me not my Job. I think they forgot that I worked for them in 1992, in the same Dept, same position, same supervisors. If I didn't know the Jobs, I don't think I would have been Re-Hired.

6) Relief. I am asking the Courts that Boston Water & Sewer, be Held Liable for pain & suffering that they Have Caused Me. I Can Not ~~filed~~ Ask for My Job Back because Since 11/01 I Have Be Total Disabled Due to my Injuries

JENETRESS MAGAZINE
20 Bower St
(617) 442-2667 Rox, MA 02119



EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*RECEIVED 4/1/04*

## DISMISSAL AND NOTICE OF RIGHTS

To: Jemetress Magazine
52 Bower St.
Boston, MA 02119

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2001-02763 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC: in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

MAR 3 1 2004

Enclosure(s)

Robert L. Sanders,
Director

(Date Mailed)

cc: BOSTON WATER AND SEWER COMMISSION
818 Harrison Ave
Boston, MA 02119

794
6060

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
### ONE ASHBURTON PLACE, ROOM 601, BOSTON, MA 02108
### (617) 727-3990

## -DISMISSAL and NOTIFICATION of RIGHTS-

| TO: | Jamestress Magazine | Case: Magazine v. Boston Water and Sewer Commission |
|---|---|---|
| | 52 Bower Street | Docket No: 01BEM10003 |
| | Boston, MA 02119 | EEOC No: 16CA102763 |
| | | Investigator: Lurleen Manning          DEC 1 2 2002 |

Your complaint has been dismissed for the following reason(s):

[ ]  The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ X ]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

## -NOTICE of APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Ms. Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Walter J. Sullivan, Jr., Esq.
Investigating Commissioner

_____
DATE

CC:    Robert M. LaMarca, Staff Attorney
       Boston Water and Sewer Commission
       918 Harrison Ave.
       Boston, MA 02119